# THE ASBESTONE COMPANY *v.* THE PHILIP CAREY MANUFACTURING COMPANY.

TRADEMARKS; OPPOSITION TO REGISTRATION; DAMAGES; NAMES; CORPORATIONS.

1. A man's name is his own property, and he has the same right to its use and enjoyment as he has to that of any other species of property; and the same rule applies to a corporation.
2. Proof of actual damages is not essential to the maintenance by a corporation of an opposition, as authorized by sec. 6 of the trademark act of February 20, 1905, to the registration of its corporate name by another as a trademark in violation of sec. 5 of that

act; and it is immaterial that the opposer has actively engaged in the business for which it was incorporated.

No. 885.  Patent Appeal.  Submitted January 15, 1914.  Decided February 2, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a trademark opposition.  Appellee, The Philip Carey Manufacturing Company, filed an application in the Patent Office for the registration of the word "Asbestone" as a trademark for hard asbesto boards.  It alleges adoption and continuous use since June 1, 1912.

Notice of opposition was filed by appellant, The Asbestone Company, a corporation duly incorporated under the laws of Pennsylvania on June 3, 1900.  The ground of opposition is stated as follows: "That deponent would be damaged by the registration of the alleged advertised mark, and that said advertised mark cannot lawfully be claimed as a trademark, because it consists merely in the name of a corporation, to wit: this opposer, not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait.  The said Asbestone Company was formed for the purpose of the manufacture and sale of non-heat-conducting and fire-proofing materials of asbestos and other mineral and chemical substances."

Appellee moved to dismiss the opposition on the ground that the notice did not state facts sufficient to constitute a cause of opposition.  On hearing, the notice was dismissed by the Examiner of Interferences, which ruling was affirmed by the Commissioner.  From the Commissioner's decision, the present appeal was taken.

*Mr. Charles L. Sturtevant, Mr. Eugene G. Mason,* and *Mr. H. N. Paul, Jr.,* for the appellant.

*Mr. Alfred M. Allen* and *Mr. Paul Finckel* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It must be conceded that appellee is seeking to register the name of a corporation in existence at the time it adopted and began to use the mark. In general terms this is forbidden under sec. 5 of the trademark act of February 20, 1905, which provides, in part, as follows: "Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual * * * shall be registered under the terms of this act." Sec. 6 of the act provides that "any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor." [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1911, pp. 1461, 1462.]

The decisions below turned upon the alleged failure of appellant to establish damage as a fact. They applied to this case the rule of opposition applicable to the registration of a mere arbitrary technical trademark. This, we think, was error. The statute takes from the realm of possible registration the name of an individual, firm, corporation, or association, except under conditions not existing in this case. This limitation is founded upon sound principles of public policy. "A man's name is his own property, and he has the same right to its use and enjoyment as he has to that of any other species of property." *Brown Chemical Co. v. Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625. The same rule applies to a corporation. "That the name of a corporation is an essential part of its being, and that the courts, independent of statutory provision, will protect the corporation in the use of its name, seems to be well settled by the authorities, and the controlling principles in

such a case are those applicable to trademarks." *Investor Pub. Co.* v. *Dobinson,* 72 Fed. 603. The converse is equally true. Had appellee been using the mark when appellant incorporated, it could not, by mere adoption of the name, have created an exclusive right to its use. *Goodyear's India Rubber Glove Mfg. Co.* v. *Goodyear Rubber Co.* 128 U. S. 598, 32 L. ed. 535, 9 Sup. Ct. Rep. 166.

It follows that, where the name of an "individual, firm, corporation, or association" is sought to be registered, as in this instance, the right of opposition is statutory, and proof of actual damage is not required. Neither is it important that appellant had not engaged actively in the business for which it was alleged it was incorporated. It is not the business which the statute in this particular aims to protect. It is the corporate name, and it is sufficient that possible damage may be inferred from invading the property right which the corporation possesses in its name.

The decision of the Commissioner of Patents is reversed, and the clerk directed to certify these proceedings as by law required.                                                                *Reversed.*